IN THE CHANCERY COURT OF PEARL RIVER COUNTY, MISSISSIPPI

MARGUERITE COLEY and KIMBERLY GUY            PLAINTIFFS

VERSUS            CIVIL ACTION #24-CV-00244-S

GENE R. CLARDY AKA GENE ROSS CLARDY            DEFENDANT

and

CHARLES L. STRICKLAND, SR.,
AND WIFE LANA STRICKLAND
MARIO DANIEL BOWDEN and CHARLES CLARDY            NECESSARY PARTIES

## COMPLAINT

COME NOW the Plaintiffs, MARGUERITE COLEY and KIMBERLY GUY, who would file this their Complaint against GENE ROSS CLARDY, potential unknown defendants, some of which maybe nominal defendants, and certain interested parties named hereafter, all for specific Performance as to Gene R. Clardy as well as, fraud, conversion, unjust enrichment and an injunction together with other theories, and in support thereof, they would show unto this Honorable Court the following matter, facts and things, to-Wit:

### COUNT ONE: SPECIFIC PERFORMANCE

COME NOW THE PLAINTIFFS and alternatively file this action for Specific Performance of a contract to convey real property in Pearl River County, Mississippi, and in support of said claim, would show unto this Honorable Court the following matters, facts and things, to-wit:

1.

The Plaintiffs are adult resident citizens of Pearl River County, Mississippi, heretofore living on certain land they purchased from the Defendant Gene Ross Clardy; that the Plaintiffs, MARGUERITE COLEY, and KIMBERLY GUY are mother and daughter.



PLAINTIFF'S EXHIBIT 1

Page 1 of 13

2.

The Defendant Gene R. Clardy (AKA Gene Ross Clardy) is an adult resident of Pearl River County, Mississippi; that he may be served with the process of this Court at his residence at or near 64A Roy Road, Lumberton, MS 39455.

3.

Certain interested parties identified as Charles Clardy, Charles L. Strickland, Sr., his wife Lana Strickland and Mario Daniel Bowden have all received deeds from Gene R. Clardy with the same parcel number recently; thus, they may be nominal defendants or real parties in interest; and pursuant to rule 9(i) of the Mississippi Rules Civil Procedure certain unknown defendants may be found during discovery and are designated as unknown Defendants One, Two, Three and Four; that naming the above parties as defendants could be misjoinder pursuant to MRCP 21. in that Gene R. Clardy is the only party owing specific performance and some of the named parties may be aligned as co-plaintiffs, or parties defendant; therefore, until this is determined, no process will be entered as to these defendants until the proper designation of each is determined; that upon investigation, any unknown defendants will be addressed in their proper relationship to this Civil Action.

4.

That the subject matter of this suit is certain lands located in Pearl River County, Mississippi, being located in the **SE 1/4 of the NE 1/4 of Section 28, Township 1 South, Range 14 West, Pearl river County, Mississippi**; that this Court has jurisdiction over the parties and the subject matter herein.

5.

That the Plaintiff Marguerite Coley purchased one acre of land for $4000.00 cash,

but never got a deed. That she and the co-plaintiff were shown where the land would be by the Defendant who placed flags and markers at the property corners, some of which still exist; that he also gave her and her co-plaintiff a map showing the land, a copy of which is attached hereto as Exhibit 1.; that Marguerite ultimately moved a shelter on the land; that Mrs. Coley told her daughter of the land, and she, Kimberly Guy, purchased two acres from the Seller; that the Seller, Gene R. Clardy lumped both purchases into one single contract despite the fact that the original one acre was fully paid for in full; that a written Contract to purchase the additional two acres of land in Pearl River County, Mississippi by Kimberly Guy from Gene R. Clardy for the Sum of Four Thousand Dollars an acre, being $8,000.00 total; the results of the written contract are shown in Exhibit 2. which is attached hereto and made a part hereof by reference as if fully copied herein in words, figures and symbols.

6.

That the Defendant, Gene R. Clardy (aka Gene Ross Clardy), went to the land with a 100 foot roll up tape and proceeded to show the property lines of the property to the Plaintiffs, concerning the land they were purchasing; that Gene Ross Clardy (hereafter seller on occasion) placed markers at the corners; therefore, the Seller of the land was also the draftsman of the contract and the surveyor; thus all omissions, incomplete terms and errors are to be construed most strongly against the defendant and in favor of the Plaintiffs.

7.

The Plaintiffs fully paid for the land as evidenced by Exhibit 3. which is attached hereto and is further made a part hereof by reference as if fully set forth herein in words, figures and symbols.

8.

That the Buyers of the property made demand upon the Seller for the deeds to the property they had purchased and fully paid for; that they were informed they would need to pay the sum of $250.00 each to provide for the legal expenses of an attorney to separate the description of the land so deeds could be prepared. Each Buyer paid the legal expenses demanded in the presence of a witness.

9.

That, despite demands for deeds, the Seller never provided deeds; as the Buyers investigated further, they visited the offices of the tax assessor and the Chancery Clerk, and found that deeds were not of record if they existed; and they learned that other deeds to the subject property was deeded to others; those deeds were quitclaim deeds and therefore conveyed nothing more than the Seller had, thus, any other parties took subject to the fully paid contract that requires deeds to the Buyers for land purchased.

10.

That the descriptions in some or all the deeds reference the same parcel number which was some being for some 17.89 acres; however, each parcel can easily be determined from the evidence and the property lines which Seller established; that the Plaintiff Kimberly Guy has spent months hand clearing the land she bought from densely overgrown land to a useable state, and which has now been fully paid for; that she has cleared the land, except for the perimeter, all by hand using old tools; plaintiffs/buyers have suffered damages to be proven at a trial of this matter; they demand specific performance and damages for court costs, for attorney fees, damages caused by the Defendants wilful and deliberate actions with intent to deprive the plaintiffs of their land as well as other sums paid for utilities, if in error.

11.

That the actions taken by the Defendant, Gene R. Clardy, were accomplished by and through malice, gross misrepresentation and with depraved disregard of the rights of the Plaintiffs, and each of them. The actions by the Defendant Gene R, Clardy were intentional and with malice aforethought; thus the intentional actions of the defendant amount to an intentional tort and as such, a judgment is not subject to discharge in any bankruptcy proceedings; that the actions also give rise to punitive damages in an amount to be proven in court.

12.

That the Defendant, after the full payment of the purchase price. (See Exhibit 3.) had told Mrs. Coley and Ms. Guy to move from the premises; that they refused to move from land they had paid for and the Defendant cut off the electricity See Exhibit 4. which is made apart hereof by reference; they were using as well as the water supply which has been cut off; that he, Gene R. Clardy, filed for an eviction on June 3, 2024; that the hearing is set for July 3, 2024; that the Plaintiffs would show Exhibit 5. which is made a part hereof by reference; That Exhibit 5 plainly shows that a deed was to be given upon final payment See Exhibit 3.); that the Plaintiffs pray that this Court will enjoin the Defendant from changing, disposing of any property right; that all the conveyances should be set aside that infringe upon the rights of the plaintiffs; that no property shall be secreted pending the resolution of this suit; any further action by the Pearl River County Justice Court in that another suit is filed and that the actual sums paid are well in excess of the jurisdictional limits of the Justice Court, and all claims will be better handled in this Court.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs/buyers suggest that an

injunction should be entered prohibiting any further actions by other Courts in Pearl River County, and prohibiting any further sales of the subject property by the seller, Gene R. Clardy; that all issues should be tried by one court and that specific performance should be granted and ordered and enforced herein; and that the Defendant/Seller, Gene R. Clardy be ordered to deliver a deed to the parties or this court enter the deed if contempt of Court follows the order; all together with assessing all costs, attorney fees, damages, both nominal and actual and for hand clearing the land and other damages in the sum of $25,000.00 or more as well as the assessment of punitive damages for the intentional and purposeful acts of the Defendant all accomplished with, by and through Malice.

### COUNT TWO: FRAUD

Should Specific Performance prove to be an impossible or inadequate remedy to place the Plaintiffs/Buyers in the position to which they are entitled, they adopt paragraphs 1 through 8 above as if each paragraph were restated herein and again incorporated by reference, and the Plaintiffs Allege and will prove Fraud herein. Regardless of the time periods Defendant may try to use to defeat the rights of the Plaintiffs, and each of them, there is no statute of limitations available to defeat fraud, and the Plaintiffs will so show the Court that fraud was committed upon the Plaintiffs; that the Plaintiff tried to get the Plaintiff, Kimberly Guy to work in his office, and he further wanted to buy the land back from her. When asked what she would take, she stated $42,000.00 which would have adequately compensate her and her mother.

13.

On or about March 8, 2022, the Defendant agreed to sell certain land to Marguerite Coley for the sum of $4,000.00; that the full sum of $4,000.00 was paid by Ms. Coley; that

Ms. Coley's Daughter, Kimberly Guy, also agreed to purchase land from Gene R. Clardy; notwithstanding the payment in full by Ms. Coley and Ms. Guy; he wrote up a contract showing her payment as a down payment, and showed the balances due by Kimberly Guy as a balance on the land, showing the two parcels lumped together, he never presented a deed to Ms,. Coley, but rather showed a balance to be paid; that Kimberly was to pay for her land only, but the Defendant, Gene R. Clardy combined them together. (see Exhibit 2.)

14.

Both Plaintiffs paid for their land in full (see Exhibit 3.) but the Defendant failed and refused to deliver deeds to the Plaintiffs, having perpetrated a fraud on the Plaintiffs and each of them; that Gene R. Clardy, the seller of the land never intended to render deeds to the Plaintiffs; but fraudulently took their money even till all sums were paid, but he still refused to give deeds to the Plaintiffs; that the Plaintiffs also paid a portion of the Electric bill each month which varied each month; that the Plaintiffs tried to get electric service for their property, but were denied in that they had no deed, no lease, and they were without an adequate remedy in that Gene R. Clardy fraudulently refused to give them any deed; that The Seller disconnected the power service and water he agreed to give to the Plaintiffs which is evidenced by Exhibit 4 which is made a part hereof by reference; that Mrs. Coley is on oxygen and she is now temporarily staying nights with a friend in Wiggins, Mississippi since she could not use her oxygen nor control temperature any longer; Kimberly Guy still lives on the land, each have a structure to live in.

15.

The actions of Gene R. Clardy were perpetrated by and through fraud; the actions were wilful, intentional and done with gross malice aforethought.

16.

## COUNT THREE: UNJUST ENRICHMENT

COME NOW the Plaintiffs, and in the alternative, and without waiving any other right, remedy claim or action stated elsewhere herein, would show unto the Court that UNJUST ENRICHMENT has occurred if the former theories for recovery are found inadequate or unavailable herein and in support of this claim would show unto the Court the following matters, facts and things, to-wit:

17.

the Plaintiffs/Buyers adopt paragraphs 1. through 16. above as if each paragraph were restated herein and again incorporated by reference, and the Plaintiffs allege and will prove UNJUST ENRICHMENT herein.

18.

That the Plaintiffs paid to the Defendant over $8,800.00 cash for three acres of land in Pearl River County, Mississippi. That they continually requested deeds to the land purchased after paying for the land in full, but were never given deeds to the land resulting in the unjust enrichment of the Defendant, Gene R. Clardy, the Seller of the land.

19.

The Plaintiffs have requested specific performance of the contract; however, if that proves to be an inadequate or impossible cause of action, they have suffered loses in excess of $25,000.00 in that the Defendant and seller of the land, Gene Clardy has been unjustly enriched by the Plaintiffs who were buyers, and they would recover the sums paid over to the Defendant who did not give the a deed to the property they paid for together with damages and all costs.

20.

The Defendant, Gene R. Clardy, has sued for an eviction in the Justice Court of Pearl River County, alleging violations of a lease and other things. The Plaintiffs never entered into a lease with the Defendant, but entered into a "Contract for Deed" or a "land Sales Contract" which are some of the terms used by the Mississippi Supreme Court in case law; the terms Seller and Buyer(s) are used extensively in the buy/sell documents. See Exhibit 5. which is incorporated herein by reference as if fully copied herein in words, figures and symbols.

21.

The suit entered into the Pearl River County Justice Court is designed to harass, intimidate and deprive the Plaintiffs of the land they purchased and paid for; that if a deed and payment of damages is not available, Gene Clardy has been UNJUSTLY ENRICHED by receipt of money that he received and gave nothing for. That the misrepresentations and deceptions of the Defendant/Seller were designed to enrich the Defendant and deprive the Plaintiffs, and did deprive the plaintiffs of their property; that there was no fault on part of the buyers of the land.

22.

That the actions of the Defendant were accomplished with gross disregard for the rights of the Plaintiffs and such actions were intentional and with malice aforethought giving rise to punitive damages herein.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs demand a judgment against the defendant showing that the actions of the Defendant were deliberate and intentional and accomplished by gross malice in the sum of $42,000.00 with the

assessment of punitive damages, together with costs and attorney fees herein.

## COUNT FOUR: CONVERSION

COME NOW the Defendants, Counter-plaintiffs and, in the alternative to the other theories presented herein, and without waiving any other right, remedy claim or action stated elsewhere herein, would show unto the Court that CONVERSION of the Plaintiff's money has occurred if the theories for recovery hereinbefore are found inadequate or unavailable, and in support of this claim would show unto the Court the following matters, facts and things, to-wit:

23.

That the Plaintiffs incorporate Paragraphs 1. through 22. by reference as if each paragraph were set forth in words, figures and symbols.

24.

That the Plaintiffs paid to the Defendant, Gene R. Clardy, the seller, the sum of more than $12,800.00 cash and cleared land by hand; that the Seller failed and refused to give a deed to the Buyers; that the Defendant/Seller, has converted all the monies paid by the Plaintiffs to his own use without giving anything of value to the Plaintiffs; that the Defendant is guilty of CONVERSION of the funds paid by the buyers of the land.

25.

That the conversion of funds in this case in all the above paragraphs may be prosecuted as a crime and are in an amount in excess of the felony statues of the State of Mississippi; thus this Court may refer this cause to the District attorney for criminal prosecution if there is no reedy available in this Court.

WHEREFORE, PREMISES CONSIDERED, Defendants, Counter-plaintiffs pray for

a judgment against Gene R. Clardy for conversion of the monies paid and received by the Seller, Gene R. Clardy, to the Plaintiff/Buyers together with damages, including punitive damages in the amount of $42,000.00, alternatively, the Plaintiffs would show that Specific Performance of the written Contract should be granted as gleaned from the four corners of the written Land Sale Contract ordering Gene R. Clardy to present deeds to the Plaintiffs; that Damages. both actual and special should be paid to the Plaintiffs in an amount in Excess of $12,800.00 but not more than $42,000.00 all to be proven in court; that the sums should be payable if Specific Performance is unavailable to vest the property in the Plaintiffs and each of them; that, alternatively, the Plaintiffs should be awarded a Judgment for the Fraudulent actions of the Defendant to compensate the plaintiffs for such fraudulent actions, representations, misrepresentations and inducements, against the Plaintiffs, all in an amount to be proven in Court, together with the costs and fees incurred in defending this matter resulting in a judgment in excess of $12,800.00 but not more than $42,000.00; alternatively, the Defendant, Gene R. Clardy, should be found to have converted all the sums paid by the Plaintiffs; that damages should be awarded to the Plaintiffs in the amount of $42,000.00; alternatively, a judgment showing that the Defendant/Seller of the property show that unjust enrichment has occurred; that, if the Defendant has placed the Plaintiffs and each of them in a position that Specific Performance cannot be ordered by this Court; that the unjust enrichment of the Defendant by the plaintiffs who received nothing of value due to the Defendants misrepresentations and fraudulent inducements; that all the actions of the Defendant were done with gross disregard of the rights of the Plaintiffs; that the Defendant acted with malice aforethought in each theory of recovery; that the actions of the Defendant, Gene R. Clardy, were also

criminal in nature; that the Plaintiffs demand recovery by Specific Performance, alternatively Fraud, alternatively Unjust enrichment, and alternatively Conversion of the property of the Plaintiffs, alternatively, the Plaintiffs pray for an injunction against the Defendant forbidding the changing of any property rights, and forbidding any further retaliatory action against the Plaintiffs who incorporate each element of the theories of recovery mentioned in Paragraphs 1. through 25. which are incorporated in the Prayer for Relief as if specifically copied herein; and the plaintiffs pray for both general and specific relief, in law and in equity, together with such special relief as this Court deems proper in the circumstances.

                  Respectfully submitted,

                  _____
                  MARGUERITE COLEY

                  _____
                  KIMBERLY GUY

_____
BARRON McSWAIN, their attorney
MS BAR NO. 2812
533 OLD RICHTON ROAD
PETAL, MS 39465
601-544-2131
E-mail: barronmcswain@att.net

STATE OF MISSISSIPPI

COUNTY OF _____

  PERSONALLY APPEARED before me, the undersigned authority in and for said County and State, the within named, MARGUERITE COLEY, who after first being duly sworn, states upon oath that the matters and facts averred in the above and foregoing instrument are true and correct as stated.

SWORN TO AND SUBSCRIBED before me on this the _____ day of _____, A.D., 20_____.

_____
NOTARY PUBLIC

My commission expires:

_____

STATE OF MISSISSIPPI

COUNTY OF _____

PERSONALLY APPEARED before me, the undersigned authority in and for said County and State, the within named, KIMBERLY GUY, who after first being duly sworn, states upon oath that the matters and facts averred in the above and foregoing instrument are true and correct as stated.

SWORN TO AND SUBSCRIBED before me on this the _____ day of _____, A.D., 20_____.

_____
NOTARY PUBLIC

My commission expires:

_____